**Joseph P. LOACANO, Plaintiff,**

v.

**OFFICE OF SERVICEMEN'S GROUP LIFE INSURANCE, A SUBSIDIARY OF PRUDENTIAL INSURANCE CO., Defendant and Third-Party Plaintiff,**

v.

**Irene P. LOACANO, Third-Party Defendant.**

**No. 81–40345.**

United States District Court, E. D. Michigan, S. D.

May 27, 1982.

Dennis Cleary, Farmington, Mich., for plaintiff.

Francis R. Ortiz, Detroit, Mich., for defendant and third-party plaintiff.

Gerald R. Klask, Dearborn Heights, Mich., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

The above-entitled case arises out of a life insurance policy provided by the armed forces to an enlisted man, Christopher Loacano through defendant. Christopher Loacano was killed on November 19, 1980 while on active duty. The deceased did not indicate a beneficiary for his life insurance proceeds, but instead indicated that they were to be distributed "by law."

The deceased left no widow or children. In that event, the pertinent provisions of 38 U.S.C. § 770(a) provide that the proceeds be paid to the insured's parents. The definition of "parents" in 38 U.S.C. § 765(9) includes natural parents with the following proviso: "No person who abandoned or willfully failed to support a child during his minority, or consented to his adoption may be recognized as a parent for purposes of this subchapter."

Both of the deceased's natural parents filed claims with defendant insurance company. The plaintiff father contested third-party defendant mother's right to any of the proceeds on the basis that she was not a parent under the statutory definition. Defendant insurance company determined that the mother was entitled to half the proceeds and so informed the father. The father thereupon brought suit against the insurance company; the insurance company filed a third-party complaint against the mother, and the insurance company was dismissed by stipulation after paying half of the proceeds of the insurance policy into Court. The remaining parties are the only ones interested in the outcome.

From the record, it appears there was little or no discovery taken by either party. The mother now brings a motion for sum-

mary judgment which the father has opposed. It is this motion which is currently before the Court. [On oral argument on this motion, the parties agreed that the factual materials submitted by the parties attached to their briefs were in fact true and could be treated as if supported by affidavit as contemplated by Rule 56, Fed. R.Civ.P.]

The meaning of "abandoned or willfully failed to support" as used in 38 U.S.C. § 765 has been discussed by only two federal cases of which this Court is aware. They are: *Prudential Ins. Co. of America v. Ellwein*, 435 F.Supp. 248 (E.D.N.Y., 1977); *Prudential Ins. Co. of America v. Burns*, 513 F.Supp. 280 (D.Mass.1981).

In *Ellwein, supra*, the Court found that Congress did not intend these terms to be controlled by state law. The Court further held that "[i]n order to constitute abandonment, there must be a relinquishment of all parental rights in the child including custody with an intention that the severance be permanent." *Ellwein* at 252. On the issue of support, the Court continued: [w]illfulness (in failing to support) requires a showing that defendant Reed was aware of his legal obligation to support *and* that he intentionally and voluntarily failed to support... [t]emporary periods of non support or inadequate support are insufficient." *Id.* at 252.

In *Burns, supra*, neither abandonment nor willful failure to support was an issue. Still the Court referred to a state court case defining these terms, by noting that when construing the words the "following areas are worthy of consideration: conscious disregard of or indifference to parental obligations; leaving a child in the care of others on a permanent or indefinite basis; failure to provide support; and failure to fulfill responsibilities of care, training, and guidance during the child's formative years." *Burns* at 283 citing *Hafley v. McCubbins*, 590 S.W.2d 892 (Ky.App.1979).

The deceased's parents were divorced in 1970. In support of her motion for summary judgment, the mother submits successive orders of the state circuit court concerning visitation. She argues that these orders by the Court show that she continued to show an interest in her children and repeatedly went to court to enforce her visitation rights. As another indication of her interest, she attached to her motion a letter from the Star Commonwealth for Boys. Apparently, the deceased was placed with that agency from July 1975 to April 1976, and the letter is in response to an inquiry by the mother about her son's stay.

To back up her claim that she continued to support her son, the mother submitted copies of letters from the Wayne County Friend of the Court indicating that her child support payments were made from the date she was first ordered to pay until sometime in 1979. Defendant's Exhibit 5 states that on March 20, 1981 the mother was $199.50 in arrears on her child support payments.

In opposition to the motion, the father claims in his brief that the mother's visits with the deceased "were, at best, sporadic." The father submits no affidavits, interrogatories, or depositions to back up this statement. Indeed although the father continuously states in his brief that there are factual issues remaining, he has shown the Court nothing that actually carries a question of fact.

Based on the letters submitted from the Friend of the Court, it is clear the mother has not willfully failed to support her children. From the time she was first ordered to do so until 1979, she did make child support payments. As stated by the Court in *Ellwein, supra*, the adequacy of such support is irrelevant.

In addition, these child support payments and the father's own admission in his brief that the mother had some contact with the deceased is sufficient to show that she did not abandon him as that term is used in 38 U.S.C. § 765(9). In this regard the Court again adopts the definition of abandonment set out in *Ellwein, supra* and quoted above. The mother certainly did not relinquish all parental rights—that is evident from this record. Plaintiff attached an exhibit to his motion which includes a purported state-

308

ment by the mother that she agrees the father should have custody of the children. Such a statement is hardly enough to constitute abandonment.

For the above reasons, and because the burden is on plaintiff father to present affidavits or the equivalent to create a factual issue as to abandonment or willful failure to support, and the plaintiff father has not done so, defendant mother's motion for summary judgment is hereby GRANTED. The Clerk of the Court is ordered to pay the money deposited by Serviceman's Life, together with any interest accrued, to the third-party defendant Irene Loacano.

IT IS SO ORDERED.